Joseph Stanley **FAULDER** and Andre Lewis, Appellants,

v.

**TEXAS BOARD OF PARDONS AND PAROLES** and Victor Rodriguez, in His Official and Individual Capacities, Appellees.

No. 03–99–00059–CV.

Court of Appeals of Texas, Austin.

May 18, 1999.

Philip Durst, Wiseman, Durst, Tuddenham & Owen, Austin, for Appellant.

1. Victor Rodriguez is the presiding officer of the Texas Board of Pardons and Paroles. *See*

Honorable John Cornyn, Attorney General, Dewey E. Helmcamp III, Assistant Attorney General, Austin, for Appellee.

Before Chief Justice ABOUSSIE, Justices JONES and YEAKEL.

MARILYN ABOUSSIE, Chief Justice.

Appellants Joseph Stanley Faulder and Andre Lewis, death-row inmates, sued in district court for a declaratory judgment and injunction that appellees[1] (collectively the "Board") were required to comply with the constitution and statutes of Texas when considering clemency matters. Following a bench trial, the district court denied all relief, and appellants now appeal.

██ Appellants' complaints focus on the Board's failure to meet as a body to address their request for clemency and to state the reasons for not recommending clemency. We are not called upon to express our opinion on whether the Board ought to meet or whether its members should be required to come together as a body to decide a matter as grave as whether to recommend to the Governor that one condemned to death be granted clemency. We are only asked to decide whether the Texas Constitution or Texas law *requires* the Board to do so. Our review of the current legal system, however unwise that system may be, compels us to conclude that it does not, and we therefore affirm the judgment of the district court.

Appellants' first issue challenges the Board's failure to meet as a body when deciding clemency matters as a violation of the Texas Open Meetings Act (the "Act"). Appellants argue that the Texas Legislature has always intended for all government agencies, including the Board, to comply with the Act. Relying on an extended evaluation of the amendments to the Act since 1990, appellants assert that a harmonized reading of the applicable sec-

Tex. Gov't Code Ann. § 508.035 (West 1998).

tions of the Act reveals that the Act grants the Board only two options when determining clemency matters: (1) meeting face-to-face as a body, *see* Tex. Gov't Code Ann. § 508.047 (West 1998), or (2) meeting by telephone conference, *see* Tex. Gov't Code Ann. § 551.124 (West Supp.1999). On the other hand, the Board argues that sections 508.047 and 551.124 permit a third option—not meeting at all.

■ Section 508.047 expressly provides that the Board does not have to meet as a body in addressing clemency matters: "The members of the board are not required to meet as a body to perform the members' duties in clemency matters." Tex. Gov't Code Ann. § 508.047(b). "Meeting" is defined as "a deliberation between a quorum of a governmental body." Tex. Gov't Code Ann. § 551.001(4) (West 1994). The Act defines "deliberation" as "a verbal exchange *during a meeting* between a quorum of a governmental body." Tex. Gov't Code Ann. § 551.001(2) (West 1994) (emphasis added). Thus, the express language of these sections clearly indicates that the statute permits, but does not require, the Board members to meet face-to-face as a body to determine clemency matters.

■ Section 551.124 provides that "the board may hold a hearing on clemency matters by telephone conference call." Tex. Gov't Code Ann. § 551.124. The permissive language of this statute grants the Board another option quite different than just meeting as a body. If the Board decides to hold a hearing on clemency matters, section 551.124 allows the hearing to be held by telephone conference. Thus, read together, we conclude that sections 508.047(b) and 551.124 grant the Board the following options: holding a meeting or hearing face-to-face as a body, holding a hearing by telephone conference, or not holding a hearing or meeting at all. This is not to say, as appellants would argue,

that the Board is exempt from the requirements of the Act. If the Board holds a meeting or hearing face-to-face or by telephone conference, it must follow the requirements mandated by the Act. If, however, the Board chooses not to meet, then the Act is not triggered. Therefore, bound by the express language of the applicable statutes as they exist today, we conclude that the Board does have the authority under Texas law to perform its duties in clemency matters without meeting face-to-face as a body or by telephone conference. Appellants' first issue is overruled.[2]

■ In their second issue, appellants contend that the Board must meet as a body to vote on clemency petitions as a matter of constitutional law. Relying on the Texas Supreme Court's decision in *Webster v. Pacific Motor Transportation Co.,* 140 Tex. 131, 166 S.W.2d 75, 76 (1942), appellants argue that when the legislature has committed a matter to an agency, that agency must act on the matter at a meeting. We note that the supreme court's holding in *Webster* is not based on constitutional law. Moreover, as we have stated previously, the legislature has expressly stated in section 508.047(b) that the Board need not meet as a body to perform its duties in clemency matters. Because the Board does not have to meet, the individual members can perform their duties in clemency matters separately. Therefore, the supreme court's holding in *Webster* is inapplicable in the instant case. The contention raised in issue two is overruled.

■ The third and final issue raised by appellants challenges the Board's failure to provide reasons for recommending or not recommending clemency. Appellants assert that the Board's failure to provide reasons for its decisions on clemency petitions violates Article IV, Section 11 of the Texas Constitution. Article IV, Section 11 provides that the Board shall be required

---

**2.** Because we hold that the Board satisfied its statutory requirements, we need not address its contention that the 1983 amendment to

Article IV, Section 11 of the Texas Constitution divested the legislature of its authority to regulate procedure before the Board.

"to keep record of its actions and the reasons for its actions." Tex. Const. art. IV, § 11(a). It further empowers the Governor to grant clemency to a convicted offender on the recommendation and advice of the Board. *Id.* § 11(b). We assume for purposes of this appeal that the first provision applies to all actions by the Board, as appellants contend, including all determinations on clemency recommendations.

The action appellants asked the Board to take was to recommend clemency for them. Appellants have been tried, convicted, and sentenced. By not recommending that the Governor grant clemency, the Board did nothing to alter this situation, even though the Governor cannot grant clemency without its affirmative recommendation. Appellants each bore the burden to persuade the Board to recommend clemency. In each case, the Board voted not to recommend clemency, and the Board kept a record of this action. In both appellants' cases, the record reflects that a majority of the Board members were unpersuaded to take the action to recommend clemency, their negative votes being self-evident that they were unconvinced by the information provided them. Appellants' position seems to be that the individual Board *members* need and must state affirmative reasons to be unpersuaded and to maintain the status quo. Again, we are not asked to decide whether individual Board members should or ought to state more detailed reasons for their votes but only to decide whether the constitution requires that *the Board must* give more detailed reasons for its decision. Article IV, Section 11 does not require the Board to generate particular records or to inform anyone in particular of the reasons for its decision. It provides only that the Board must keep a record of its actions and must keep a record of the reasons for its actions—that is, what it does and why. However superficial, the Board did keep a

record of its reason for not recommending clemency for appellants. After tabulating the individual Board members' votes, the Board sent a letter to appellants' counsel, which stated the following: "After a careful review of all available information, the Board has decided to not recommend the petition. This decision is based on the fact that a majority of members of the Board has voted to not recommend the petition." Each member's vote is recorded and maintained in the Board's records. Therefore, with regard to clemency matters, to the extent Article IV, Section 11 of the Texas Constitution requires the Board to keep records of its actions and the reasons for those actions, we must conclude that the admittedly minimal records kept by the Board are nevertheless adequate to avoid a constitutional violation. Appellants' constitutional argument in issue three is overruled.[3]

The judgment of the district court is affirmed.

---

**3.** Because appellants' petitions for clemency were denied, we need not address appellants'

constitutional argument regarding the Board's recommendation to grant clemency.