ACCEPTED
15-24-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/30/2025 11:22 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00017-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/30/2025 11:22:32 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FIFTEENTH DISTRICT OF TEXAS

ALL STAR IMPORTS, INC. d/b/a
WORLD CAR MAZDA NORTH,

*Appellant/Cross-Appellee,*

v.

MAZDA MOTOR OF AMERICA, INC.

*Appellee/Cross-Appellant,*

v.

BOARD OF TEXAS DEPARTMENT OF MOTOR
VEHICLES,

*Appellee/Cross-Appellee.*

## BRIEF OF CROSS-APPELLEE
## ALL STAR IMPORTS, INC. d/b/a WORLD CAR MAZDA NORTH

Jarod R. Stewart
State Bar No. 24066147
jstewart@steptoe.com
Austin Kreitz
State Bar No. 24102044
akreitz@steptoe.com
STEPTOE LLP
717 Texas Avenue, Ste. 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

Jeffrey L. Oldham
State Bar No. 24051132
jeff.oldham@bracewell.com
Walter A. Simons
State Bar No. 24098429
walter.simons@bracewell.com
BRACEWELL LLP
711 Louisiana Street, Ste. 2300
Houston, Texas 77002
(713) 223-2300
(800) 404-3970 (fax)

*Counsel for All Star Imports, Inc. d/b/a World Car Mazda North*

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

*Page*

INDEX OF AUTHORITIES ......................................................................ii

STATEMENT REGARDING RECORD AND PARTY
    REFERENCES.................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ......................................iv

ISSUE PRESENTED..........................................................................v

INTRODUCTION ................................................................................1

STATEMENT OF FACTS ....................................................................2

SUMMARY OF THE ARGUMENT.......................................................4

ARGUMENT ......................................................................................5

PRAYER ...........................................................................................12

CERTIFICATE OF COMPLIANCE.......................................................13

CERTIFICATE OF SERVICE..............................................................14

# INDEX OF AUTHORITIES

*Page(s)*

## Cases

*Caldwell v. Tex. Bd. of Law Exam'rs*,
2023 WL 2976580 (Tex. App.—Austin 2023, pet. denied)............................11

*Faulder v. Tex. Bd. of Pardons & Paroles*,
990 S.W.2d 944 ...............................................................................................10

*Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*,
2008 WL 4667355 (Tex. App.—
Corpus Christi-Edinburg 2008, no pet.) .........................................................3

*Taxpayers for Sensible Priorities v. City of Dallas*,
79 S.W.3d 670 (Tex. App.—Dallas 2002, pet. denied)............................. 10-11

*Webster v. Pac. Motor Transp. Co.*,
166 S.W.2d 75 (Tex. 1942) .............................................................................10

## Statutes

Tex. Gov't Code § 311.011 ...............................................................................10

Tex. Gov't Code § 2001.144(a)(2)......................................................................5

Tex. Gov't Code § 2001.146(c).......................................................................6, 9

Tex. Gov't Code § 2001.146(d) ................................................................8, 9, 10

Tex. Gov't Code § 2001.176(a)..........................................................................3

## STATEMENT REGARDING RECORD AND PARTY REFERENCES

The records in this appeal were originally filed in the Third Court of Appeals in cause No. 03-24-00078-CV. The Clerk's Record, filed there on February 9, 2024, will be cited in this brief as "CR.[page number]." The one-volume Reporter's Record will be cited as "RR.[page number]."

In terms of parties, this brief generally uses the following references:

- "World Car North" refers to Appellant/Cross-Appellee All Star Imports, Inc. d/b/a World Car Mazda North;

- "Mazda" refers to Appellee/Cross-Appellant Mazda Motor of America, Inc.; and

- "Board" refers to Appellee/Cross-Appellee Board of the Texas Department of Motor Vehicles.

World Car North's opening Brief of Appellant will therefore be cited as "World.Car.North.Br.[page number]," and Mazda's Cross-Appellant's Brief will be cited as "Mazda.Br.[page number]."

## STATEMENT REGARDING ORAL ARGUMENT

As stated in World Car North's Brief of Appellant, oral argument is likely unnecessary to resolve this limited appeal with undisputed relevant facts and a narrow legal question: whether the Board's underlying termination order is final and appealable, which dictates whether the courts have jurisdiction. But if the Court decides to hold oral argument, World Car North requests the opportunity to participate.

# ISSUE PRESENTED

The only question presented in this cause is whether the courts have jurisdiction over the parties' challenges to the Board's underlying termination order, including whether that order became final and appealable notwithstanding the Board's subsequent vote and orders granting the parties' rehearing motions filed in the underlying proceeding.

Questions 2-5 in Mazda's Cross-Appellant's Brief are not properly presented in this cause.

## INTRODUCTION

As detailed in World Car North's Brief of Appellant, the issue in this appeal is whether courts have jurisdiction over challenges to the Board's underlying termination order. And that turns on whether the Board's order was final and appealable. The Board contends that its order was not final or appealable and that it retains jurisdiction over the underlying dispute because a Board majority "act[ed]"—within the meaning of the controlling statute— by voting to grant motions for rehearing from the order before those motions were overruled by operation of law. The trial court agreed with the Board. World Car North continues to take no position on the jurisdictional issue but seeks a final resolution of the issue so as to preserve its appellate rights.

Most of Mazda's Cross-Appellant's Brief ("Brief") focused on its merits challenges to the Board's underlying order, which, as World Car North argued in moving to disregard those parts of the Brief, were improperly made in this jurisdictional appeal for a number of reasons. *See* Mot. to Strike or Disregard the Merits Portions of [Mazda's Brief] at 7-17 (filed Dec. 23, 2024). This Court granted that request and ruled it "will disregard those portions of [Mazda's Brief] that address the merits of the parties' underlying dispute." Jan. 23,

2025 Order. Accordingly, this Brief of Cross-Appellee will likewise disregard the merits parts of Mazda's Brief. *See* Mot. at 6, 16-17.[1]

In the limited pages that Mazda spends on jurisdiction, *see* Mazda.Br.8-11, 13-19, Mazda repeats the position that the Board did not "act" until it issued a written order, which came after the rehearing motions would have been overruled by operation of law. Because World Car North's appeal and Mazda's cross-appeal *in this cause* present only the question of jurisdiction— as the Court's January 23 Order confirmed—they mirror each other. For this reason, to avoid burdening the Court with lengthy duplicative briefing and for the Court's convenience, World Car North below will largely incorporate by reference from its prior Brief of Appellant.

## STATEMENT OF FACTS

World Car North incorporates by reference the statement of facts in its Brief of Appellant. *See* World.Car.North.Br.2-7. Two points in the non-merits portion of Mazda's Brief's factual statement warrant a response.

First, Mazda incorrectly portrays the Board's argument in the trial court as being that the Board "acted" in a timely fashion "by *requesting* an

---

[1] World Car North reserves all rights to brief all merits issues at the appropriate time, in accordance with this Court's direction and rulings, in the event jurisdiction is found proper in the courts rather than the Board.

email vote by its members on" the rehearing motions. Mazda.Br.10 (emphasis added). The question is instead whether the Board "acted" by *actually voting* on the motions with a majority vote to grant rehearing—*i.e.*, that the "Board affirmatively took action by voting in favor of the rehearing." CR.740.

Second, while Mazda focuses on *the Board's* plea to the jurisdiction that sought to dismiss the entire case based on the non-finality of the Board's order, Mazda.Br.10, it ignores that World Car North also filed a jurisdictional plea contesting *Mazda's* ability to raise merits challenges in the event the Board's order were final. *See* CR.754-59. As World Car North detailed in its plea, CR.754-59; RR.16-17, Mazda's petition for judicial review was untimely because if the Board's order became final, that occurred on August 8, 2023 and Mazda's petition—filed in October 2023, CR.744-52—was well outside of the 30-day deadline to seek review. Tex. Gov't Code § 2001.176(a). This deadline is jurisdictional. *See Hurst v. Tex. Dep't of Assistive & Rehab. Servs.*, 2008 WL 4667355, at *7 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.). The trial court did not reach World Car North's plea because it dismissed the whole case on the Board's plea. But if this Court were to disagree and hold that courts have jurisdiction over World Car North's petition, it should hold that courts lack jurisdiction over *Mazda's* merits challenges.

-3-

## SUMMARY OF THE ARGUMENT

World Car North incorporates by reference the summary of argument in its Brief of Appellant. *See* World.Car.North.Br.8-10. In short, the question here goes to the finality of the Board's underlying order and boils down to whether the motions for rehearing from that order were timely granted by the Board or were instead overruled by operation of law. That turns on whether the Board "act[ed]" on the motions when it voted by email and a majority thereby voted to grant the rehearing motions—which undisputedly occurred before the operation-of-law deadline—or whether the Board's later written order—which occurred after the operation-of-law deadline—was required to "act" on the motions. This issue decides jurisdiction, and the trial court held that the Board "act[ed]" on the motions and thus retains jurisdiction.

The Board's position on jurisdiction, which the trial court adopted, presents a persuasive argument that the Board "act[ed]" on the rehearing motions—*i.e.*, it did *something*, indeed something consequential as a Board—when it voted by a majority vote to grant the motions before the operation-of-law deadline. Mazda's position is that the Board could "act" on the motions only with a written order. Its Brief incorrectly frames the issue, suggesting that the issue is whether a mere "request[]" for a vote or "polling its members"

-4-

was a sufficient "act." But even apart from whether a "request[]" or "poll[]" is a sufficient "act"—that arguably does *something*—the undisputed fact here is that the Board actually voted, by majority vote, to grant rehearing before the operation-of-law deadline. And because a majority voted to grant rehearing, that appears to be an "act as a body," which Mazda now claims is the key to applying the word "act." As explained below, some of Mazda's other contentions are unpersuasive.

## ARGUMENT

World Car North incorporates by reference the argument section in its Brief of Appellant. *See* World.Car.North.Br.10-20. To be clear, World Car North's interest in this combined appeal is preserving its appellate rights and having resolved the jurisdictional question that divides the Board and Mazda.

In short, the finality of the Board's underlying order is the core of the jurisdictional question here, and finality turns on whether the agency motions for rehearing from that order were timely "act[ed]" upon. An agency order in a contested case becomes final and appealable only when the latest-filed rehearing motion is overruled—either by signed order or by operation of law. Tex. Gov't Code § 2001.144(a)(2). Here, both parties timely filed agency rehearing motions and there was no order denying the motions. A rehearing

-5-

motion is overruled by operation of law if the agency does not "act" on the motion within 55 days after the date of signing of the order that is the subject of the motion. Tex. Gov't Code § 2001.146(c). Here, the undisputed overruled-by-operation-of-law date was August 8, 2023.

The Board's position is that it "acted" on the motions on or before August 7 when a majority of its members voted to grant them, such that it retained jurisdiction. CR.675, 775. The trial court agreed with the Board and dismissed the case for lack of jurisdiction. CR.812. Mazda, in contrast, repeats the position that the Board did not "act" on the rehearing motions when it voted to grant them because the Board can "act" on motions only through a written order, which was not issued until August 9. *See* Mazda.Br.11, 15-19; RR.17-23. Mazda's argument would mean the motions were overruled by operation of law. This is the jurisdictional issue presented by this appeal.

If the Board is correct on the issue, the Court should affirm the trial court here and dismiss Mazda's other removed cause for lack of jurisdiction. If Mazda is somehow correct, then courts have jurisdiction and World Car North's petition for judicial review—but not Mazda's petition, which was not timely filed—should proceed in the courts subject to this Court's ruling in the other removed cause on the joint motion to strike Mazda's removal notice.

-6-

World Car North continues to take no position on jurisdiction. But several points in the non-merits portions of Mazda's Brief warrant response.

*First*, Mazda incorrectly frames the issue as whether the Board "acted" by "polling its individual members," "requesting an email vote," or having "individual email votes." Mazda.Br.10, 11, 16. But the jurisdictional question here is not based simply on the Board *seeking* a vote from its members or on each "individual email vote[]," because in this case the Board *actually voted* to grant rehearing—and *by a majority*—before the operation-of-law date. *E.g.*, CR.675 (revised order: "majority of board members voted on or before August 7, 2023 to grant…[r]ehearing"); CR.775 (cover letter: "majority vote is the Board's action"); CR.789-810 (votes).[2]

*Second*, and relatedly, the apparently undisputed fact that a majority of the Board members voted to grant rehearing before the operation-of-law deadline would seem to count as an "act" under Mazda's own argument. Mazda claims that, "[f]or the 'act' of an administrative board to be valid, the board must act *as a body*." Mazda.Br.11 (emphasis added); *accord*

---

[2] Mazda at one point states the issue as being whether the Board retained jurisdiction "even after the parties' motions for rehearing were overruled by operation of law." Mazda.Br.14. In fact, the question is whether the motions were overruled by operation of law in the first place, which turns on whether the Board timely "act[ed]" on the motions.

Mazda.Br.16.  While the Board voted by email, the Board has cited statutory authority for this mode of voting.  *See* Tex. Gov't Code § 2001.146(d).  That means the Board effectively voted as if its members were convened in person at a public meeting and each stated their votes aloud, which Mazda does not contest would be an act of the Board "as a body" notwithstanding that an order memorializing that in-person vote may not issue until later.  Here, the Board used email to take that same step as to the parties' rehearing motion, and a Board majority voted to grant rehearing.  CR.675, 775, 789-810.  Mazda never explains how a majority vote by the Board is not an "act" "as a body."

Thus, again, Mazda's focus on whether the "individual email votes" were themselves "acts" (or "decisions")—and Mazda's argument and case law on that issue—appear beside the point.  Mazda.Br.16-17.  The emails together made a majority vote.  Likewise, Mazda recognizes that the Board members "were authorized to vote by email," Mazda.Br.16, yet downplays it by claiming the relevant statute "does not state that the email votes of board members are official acts of the Board itself," Mazda.Br.18.  The individual "email votes" do not have to be the basis for the analysis in this case, given that the majority vote itself happened before the operation-of-law deadline.

But Mazda also appears incorrect about the statute authorizing email voting, which in doing so states that "*the board* may *rule* on a motion for rehearing at a meeting or by[] mail…or another suitable means of communication." Tex. Gov't Code § 2001.146(d) (emphasis added). The statute thus suggests that email votes will constitute "the board" "rul[ing]" on the motion, which again appears to satisfy Mazda's "as a body" test. This statute also undercuts Mazda's claim that the Board did not "decide" the motions by the pre-August 8 vote. Mazda.Br.15. Mazda does not explain how "rul[ing]" on the motions does not "decide" them and constitute "act[ing]" on them.[3]

Mazda claims the email votes did not count as an "act by the Board" "[u]ntil the Board issued a written order." Mazda.Br.x. Putting aside the misplaced focus on individual emails in isolation, the Board has a reasonable argument against the notion that conduct qualifies as an "act" only when memorialized by a written order, based on the ordinary meaning of the word "act" and other Occupation Code provisions that expressly require a written order. *See* World.Car.North.Br.14-16. Mazda contests the Board's reliance on dictionary definitions and advocates a purported "specific legal meaning"

---

[3] Mazda also wrongly makes "decid[ing]" the rehearing motions the test, when the statute requires merely that the Board "act" on them. *See* Tex. Gov't Code § 2001.146(c).

in advocating its "as a body" test, Mazda.Br.15-16, but as explained above that test appears met when considering that the emails here constituted a majority vote. The Board also likely has a persuasive argument that the word "act" should be construed based on "common usage" under the Code Construction Act because that is the default and nothing appears to give this simple word a "technical or particular meaning." Tex. Gov't Code § 311.011(a)–(b).

*Third*, the case law cited by Mazda appears distinguishable. In *Webster v. Pacific Motor Transportation Co.*, the Railroad Commission's approval of a certificate was deemed invalid when one commissioner lacked notice of or an opportunity to attend an "informal unscheduled meeting" where the two other commissioners agreed to approve the certificate. 166 S.W.2d 75, 76 (Tex. 1942). Here, no one appears to dispute that the motions were presented to the Board according to the statutorily prescribed process.[4]

In *Taxpayers for Sensible Priorities v. City of Dallas*, a city was not contractually bound by "extraneous documents" describing a bond-funded

---

[4] While *Webster* contains language that a board must act "at a regular meeting or at a called meeting," 166 S.W.2d at 77, that was not the requirement here, where the relevant statute allowed voting in a different manner. *See* Tex. Gov't Code § 2001.146(d); *cf. Faulder v. Tex. Bd. of Pardons & Paroles*, 990 S.W.2d 944, 945-46 (Tex. App.—Austin 1999, pet. ref'd) (rejecting argument that Texas Board of Pardons and Paroles was required to meet as body to vote on clemency petitions).

proposal that were "printed and distributed by City staff but not approved by the City Council." 79 S.W.3d 670, 672, 675-76 (Tex. App.—Dallas 2002, pet. denied). That conclusion was required by the "basic legal principle" that "a political subdivision cannot be bound by the representations of individual council members or the City staff." *Id.* at 675. Here, though, the issue turns on the majority vote of the Board in a statutorily prescribed voting process.

Finally, *Caldwell v. Texas Board of Law Examiners* held that an email from a board's general counsel describing what happened at a board meeting (and indicating that a formal order was forthcoming) did not itself qualify as a "final decision" subject to judicial review. 2023 WL 2976580, at *5 (Tex. App.—Austin 2023, pet. denied). That opinion does not analyze what qualifies as a board "act" under Texas law or whether an "act" must be memorialized by a written order. And again, the facts here present a majority vote of the Board in a statutorily prescribed process.

*Fourth*, Mazda also claims that "enforcement of the statutory deadlines will not impose any injustice." Mazda.Br.18. The Board does not appear to be asking for deadlines to be relaxed, as opposed to disagreeing with Mazda on what the deadlines require. Regardless, there would be injustice here from denying the effect of the Board's majority vote to grant rehearing, in that the

-11-

Board has made clear it wants to rehear this case and Mazda's position would deprive it of that opportunity.

## PRAYER

For these reasons and those contained in World Car North's Brief of Appellant, World Car North prays that this Court issue an opinion and judgment determining whether the Board's underlying termination order is a final and appealable order subject to judicial review, and at a minimum dismissing Mazda's petition for judicial review as untimely and granting the joint motion pending in No. 15-24-00039-CV to strike Mazda's notice of removal. World Car North also prays for all other relief to which it is entitled.

Respectfully submitted,

STEPTOE LLP

Jarod R. Stewart
State Bar No. 24066147
jstewart@steptoe.com
Austin Kreitz
State Bar No. 24102044
akreitz@steptoe.com
717 Texas Avenue, Ste. 2800
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

BRACEWELL LLP

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham
State Bar No. 24051132
jeff.oldham@bracewell.com
Walter A. Simons
State Bar No. 24098429
walter.simons@bracewell.com
711 Louisiana Street, Ste. 2300
Houston, Texas 77002
(713) 223-2300
(800) 404-3970 (fax)

*Counsel for All Star Imports, Inc. d/b/a World Car Mazda North*

-12-

## CERTIFICATE OF COMPLIANCE

This Brief of Cross-Appellee complies with the length limitations of TEX. R. APP. P. 9.4(i)(2)(B) because it contains 2,602 words, excluding the parts exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham

## CERTIFICATE OF SERVICE

I certify that a copy of this Brief of Cross-Appellee was served on counsel of record via eFileTexas.gov on January 30, 2024, as follows:

Brit T. Brown
brit.brown@akerman.com
Benjamin A. Escobar
ben.escobar@akerman.com
AKERMAN LLP
1300 Post Oak Boulevard,
  Ste. 2300
Houston, Texas  77056
(713) 623-0887
(713) 960-1527 (fax)

Jeff Nobles
jeff.nobles@huschblackwell.com
HUSCH BLACKWELL LLP
600 Travis Street, Ste. 2350
Houston, Texas 77002
(713) 525-6200
(713) 647-6884 (fax)

*Counsel for Mazda Motor of America, Inc.*

Ken Paxton, Attorney General
Brent Webster
James Lloyd
Ernest C. Garcia
Kathy Johnson
kathy.johnson@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Capitol Station
Austin, Texas  78711
(512) 475-4164
(512) 320-0167 (fax)

*Counsel for Board of the Texas Department of Motor Vehicles*

/s/ *Jeffrey L. Oldham*
Jeffrey L. Oldham

-14-

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terri Patton on behalf of Jeffrey Oldham
Bar No. 24051132
terri.patton@bracewell.com
Envelope ID: 96786976
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Cross-Appellee
Status as of 1/30/2025 11:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Benjamin AEscobar | | benjamin.escobar@akerman.com | 1/30/2025 11:22:32 AM | SENT |
| Brit T.Brown | | brit.brown@akerman.com | 1/30/2025 11:22:32 AM | SENT |
| Neila Olvera | | neila.olvera@akerman.com | 1/30/2025 11:22:32 AM | SENT |
| Jeffery Nobles | 15053050 | jeff.nobles@huschblackwell.com | 1/30/2025 11:22:32 AM | SENT |
| Jeffrey Oldham | 24051132 | jeff.oldham@bracewell.com | 1/30/2025 11:22:32 AM | SENT |
| Walter Simons | 24098429 | walter.simons@bracewell.com | 1/30/2025 11:22:32 AM | SENT |
| Jarod Stewart | 24066147 | jstewart@steptoe.com | 1/30/2025 11:22:32 AM | SENT |
| Austin Kreitz | 24102044 | akreitz@steptoe.com | 1/30/2025 11:22:32 AM | SENT |
| Christian Young | | christian.young@oag.texas.gov | 1/30/2025 11:22:32 AM | SENT |
| Kathy Johnson | | Kathy.Johnson@oag.texas.gov | 1/30/2025 11:22:32 AM | SENT |
| Terri Patton | | terri.patton@bracewell.com | 1/30/2025 11:22:32 AM | SENT |
| Christina Ramos | | cramos@steptoe.com | 1/30/2025 11:22:32 AM | SENT |
| Sallie Woodell | | swoodell@steptoe.com | 1/30/2025 11:22:32 AM | SENT |